# IN THE COURT OF APPEALS OF IOWA

No. 19-2012
Filed April 1, 2020

**IN THE INTEREST OF R.H., V.H., and J.H.,**
**Minor Children,**

**J.H., Mother,**
        Appellant.

_____

Appeal from the Iowa District Court for Polk County, Colin J. Witt, District Associate Judge.

A mother appeals the juvenile court decision terminating her parental rights. **AFFIRMED.**

Colin McCormack of Van Cleaf & McCormack Law Firm, LLP, Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

ConGarry D. Williams of Juvenile Public Defender, Des Moines, attorney and guardian ad litem for minor children.

Considered by Tabor, P.J., Greer, J., and Danilson, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**DANILSON, Senior Judge.**

A mother appeals the juvenile court decision terminating her parental rights. The mother physically abused the children and she does not have the ability to meet their special needs. We conclude termination of her parental rights is in the children's best interests. Also, there is not clear and convincing evidence to show termination of the mother's rights would be detrimental to the children based on the closeness of the parent-child relationship. We affirm the decision of the juvenile court.

### I.    Background Facts & Proceedings

J.H. is the mother of R.H., born in 2008; V.H., born in 2012; and J.H., born in 2014.[1] The children were removed from the mother's care on September 4, 2018, after photographs surfaced showing the children's hands and feet tied with cords. The mother attempted to blame another person, but the children stated, "Mommy did it." Initially, V.H. and R.H. were placed in foster care, while J.H. was placed with a maternal aunt. Later, the children were each in separate placements.

The children were adjudicated to be in need of assistance, pursuant to Iowa Code section 232.2(6)(b) and (c)(2) (2018). The juvenile court found the mother physically abused the children by tying them up herself or permitting someone else to do it in her presence. The children were traumatized by the mother's conduct and need specialized attention and treatment. In addition, the children are developmentally delayed.

---

[1] The father of R.H. is R.C., the father of V.H. is S.H., and the father of J.H. is unknown. The parental rights of the fathers were terminated and they have not appealed.

The mother was charged with child endangerment. A criminal no-contact order prohibited the mother from having contact with the children. The mother entered an *Alford* plea to the charge of child endangerment on June 3, 2019.[2] The no-contact order was then modified to allow supervised visitation at the discretion of the Iowa Department of Human Services (DHS). Based on the recommendations of the children's therapist, no visitation took place.

The mother has mental-health problems and has struggled with suicidal ideation and self-harming behaviors. She participated in mental-health services and medication management for a period of time but then discontinued engaging in those services. A psycho-educational evaluation found, "The current circumstances do not bode well for [the mother]. She has significant intellectual and cognitive limitations." The psychologist concluded:

> [The mother] has been unable to make sufficient changes in her life or her parenting. Thus, despite some remaining [intellectual] capacity, she is unlikely to make changes sufficient to be able to adequately care for her children, and returning her children to her care would likely place them at serious further risk. It will be imperative to consider the best interests of the children as the case continues to move forward.

On September 24, 2019, the State filed a petition seeking to terminate the mother's parental rights. The court terminated the mother's rights under section 232.116(1)(d), (e), and (f) (2019). The court found termination of the mother's parental rights was in the children's best interests, noting the children suffered physical abuse and neglect while in the mother's care. The court considered the

---

[2] In an *Alford* plea, a defendant accepts the consequences of a conviction for an offense without an admission of guilt. *North Carolina v. Alford*, 400 U.S. 25, 39 (1970).

exceptions in section 232.116(3) and determined none of them should be applied in this case. The mother appeals the juvenile court decision terminating her parental rights.

## II. Standard of Review

Our review of termination proceedings is de novo. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). The State must prove its allegations for termination by clear and convincing evidence. *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). "'Clear and convincing evidence' means there are no serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *Id.* Our primary concern is the best interests of the children. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014).

## III. Discussion

The mother does not appeal the statutory basis for terminating her parental rights. The mother asserts termination is not in the children's best interests. She states her rights should not be terminated based on the close bond she has with the children. "When we consider whether parental rights should be terminated, we 'shall give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child.'" *In re M.W.*, 876 N.W.2d 212, 224 (Iowa 2016) (quoting Iowa Code § 232.116(2)).

In discussing best interests, the juvenile court stated, "This case really boils down to the fact that the three children suffered physical abuse and neglect while in their Mother's care. The children's present behaviors and extreme difficulties the placements have had in meeting their needs paint the picture of what has

happened to them in their past." We agree with the juvenile court's findings. The mother physically abused the children. Furthermore, she does not have the ability to meet their special needs. We conclude termination of her parental rights is in the children's best interests.

As part of her best-interests argument, the mother asserts she has a strong bond with the children. The court may decide to not terminate a parent's rights if "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." *See* Iowa Code § 232.116(3)(c). A court has discretion in determining whether to apply this provision, considering the best interests of the child. *In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014). We find it would be more detrimental to the children to continue their relationship with the mother than to terminate her parental rights. We determine the exception to termination found in section 232.116(3)(c) should not be applied in this case.

We affirm the decision of the juvenile court.

**AFFIRMED.**